UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOMINIQUE D. CLARK,

    Plaintiff,

        v.                            CAUSE NO. 3:23-CV-648-RLM-JPK

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Dominique D. Clark, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Mr. Clark is proceeding without counsel, so the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Clark is currently an inmate at Wabash Valley Correctional Facility. His claims stem from an incident that occurred in February 2022 when he was incarcerated at Indiana State Prison. He claims that the outdoor recreation area at

ISP was "full of ice" during the winter months. He was concerned about slipping, and spoke with several correctional employees about the ice and asked that they put salt on the area, but no one allegedly did anything. Some were allegedly rude to him when he conveyed his concerns, including telling him it "wasn't their job to babysit grown men," that he should "quit crying like a bitch," and that they "had more important things to worry about." He also allegedly wrote letters to Warden Ron Neal and other high-ranking officials, but claims he "never heard anything back." On February 27, 2022, he went out for recreation time and found the area "frozen with ice." After "walking around for a little while," he slipped on the ice, fell, and hit his head. He says he temporary lost consciousness and suffered headaches and lower back pain after this incident. He seeks monetary damages from Warden Neal and seven other correctional employees.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. at 834; Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. Hildreth v. Butler, 960 F.3d 420, 425–26 (7th Cir. 2020). The inmate must

allege "a culpability standard akin to criminal recklessness." Thomas v. Blackard, 2 F.4th 716, 722 (7th Cir. 2021).

"[F]ailing to provide a maximally safe environment" doesn't amount to an Eighth Amendment violation. Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001). "Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims." Perkins v. Atrisco, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) (citation omitted); *see also* Pyles v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"); Cross v. Indiana Dep't of Corr., No. 3:19-CV-486-DRL-MGG, 2020 WL 1929119, at *2 (N.D. Ind. Apr. 21, 2020) (inmate who slipped on icy sidewalk did not state Eighth Amendment claim).

It is unfortunate that Mr. Clark was injured, but "[s]now and ice are a fact of life for those who spend winter in the Midwest." Boclair v. Baldwin, No. 17 CV 1422, 2017 WL 6813694, at *3 (N.D. Ill. Apr. 28, 2017). At most Mr. Clark alleges circumstances suggesting negligence in the maintenance of the prison, not conduct "akin to criminal recklessness."[1] Thomas v. Blackard, 2 F.4th at 722. That the officers

---

[1] Mr. Clark doesn't allege that he was forced to walk outside in the icy recreation area. Instead, he claims he faced the choice of using the outdoor recreation area or not having any exercise time during this period. The court finds this materially different than forcing a hand-cuffed inmate to walk down a set of stairs covered with food, milk, and other garbage, Anderson v. Morrison, 835 F.3d 681 (7th Cir. 2016), or ordering an inmate to carry "scalding" water in a bucket over a wet, uneven floor. Balle v. Kennedy, 73 F.4th 545 (7th Cir. 2023).

spoke rudely to him when he raised a concern about the ice, while perhaps unprofessional, isn't the type of severe deprivation that amounts to cruel and unusual punishment. *See* Dobbey v. Ill. Dep't of Correction, 574 F.3d 443, 445 (7th Cir. 2009); *see also* Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) ("Relationships between prisoners and prison staff are not always marked by genteel language and good manners."). Mr. Clark hasn't stated a plausible claim under the Eighth Amendment based on the slip-and-fall.

Mr. Clark also sues Warden Neal in his official capacity for an alleged unconstitutional policy of failing to adequately train employees about removing snow and ice during winter. A failure to train claim can only be brought against a municipal actor, not a state official. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Brown v. Budz, 398 F.3d 904, 918 (7th Cir. 2005). Aside from this barrier, the failure to train amounts to a constitutional violation only if that failure is "tantamount to 'deliberate indifference' toward the constitutional rights of citizens." Williams v. Heavener, 217 F.3d 529, 532 (7th Cir. 2000) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). Mr. Clark hasn't plausibly alleged that the failure to train prison staff about removing snow and ice is tantamount to deliberate indifference to his federal constitutional rights.

This complaint doesn't state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Clark an opportunity to amend his complaint if, after reviewing the court's order, he believes he can state a plausible federal claim based on these events, consistent with the allegations he has already

4

made under penalty of perjury. *See* Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 5, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by September 5, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 7, 2023

    ./s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT